**Kathleen D. BOLLINGER,**
**Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 04–35678.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2006.

Decided May 8, 2006.

---

1. FED. R. CIV. P. 60(b)(1).

Elie Halpern, Esq., Elie Halpern & Associates, PS, Olympia, WA, Victoria Blais Chhagan, Esq., Law Offices, Seattle, WA, for Plaintiff–Appellant.

Leisa Wolf, Esq., Franco Becia, Esq., Social Security Administration Office of the General Counsel, Brian C. Kipnis, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: CANBY, GOULD, and BEA, Circuit Judges.

## MEMORANDUM *

Kathleen Bollinger appeals the district court's decision affirming the Social Security Commissioner's ruling that she is not entitled to Supplemental Security Income ("SSI") disability benefits. We have jurisdiction· under 28 U.S.C. § 1291, and we affirm.

Substantial evidence supports the Commissioner's decision that Bollinger is not disabled because she can perform a signifi-cant number of jobs in the national economy. *See Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989) (stating that this Court will overturn the Commissioner's decision "only if it is not supported by substantial evidence or it is based on legal error") (internal quotation marks and citation omitted). The Administrative Law Judge ("ALJ") properly relied on a vocational expert's testimony to find that Bollinger had the residual functional capacity to perform a significant number of jobs in the national economy. The ALJ's hypothetical question to the vocational expert accurately detailed the six severe impairments that the record supported. *See Tackett v. Apfel,* 180 F.3d 1094, 1101 (9th Cir.1999) (stating that the ALJ's hypothetical "must be accurate, detailed, and supported by the medical record"). The vocational expert testified that Bollinger could work as a food and beverage cashier or order clerk in the hotel industry and as an appointment clerk. There are 260,000 of these jobs nationwide, and 6,500 in the State of Washington. None of Bollinger's doctors stated that her impairments prevented her from doing sedentary work.[1] All of her psychological examinations revealed only moderate limitations on Bollinger's ability to function.[2]

There is no reversible legal error in the Commissioner's decision. *See Magallanes,* 881 F.2d at 750. The ALJ thoroughly explained how he weighed the medical evidence and witness testimony. He made specific findings explaining why he excluded some of Bollinger's complaints from the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Although one of Bollinger's psychologists, Dr. Brown, found that Bollinger's physical impairments precluded sedentary work, the ALJ properly discounted this opinion because it conflicted with all of the other medical evidence, and because Dr. Brown's opinion regarding Bollinger's physical limitations was beyond her professional expertise as a Ph. D. psychologist.

2. All of her doctors assigned her a 55–60 Global Assessment of Functioning, a score that reflects moderate limitations.

hypothetical question he posed to the vocational expert. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir.1997) (requiring an ALJ to make "specific findings explaining his rationale for disbelieving any of the claimant's subjective complaints not included in the hypothetical" posed to the vocational expert.) The ALJ's finding that Bollinger retained the functional capacity for sedentary work[3] was consistent with his finding that she could perform the appointment clerk position.[4]

The judgment of the district court is AFFIRMED.

---

3. The ALJ found that Bollinger could stand or walk for ten to fifteen minutes and could follow simple instructions

4. A person with Bollinger's residual functional capacity would generally not have the specific vocational preparation needed to be an appointment clerk because an appointment clerk is a semi-skilled position. *See* Dictionary of Occupational Titles 237.367–010. The ALJ recognized this potential inconsistency in the vocational expert's testimony and questioned her about it. The vocational expert explained that Bollinger had the basic skills needed to be an appointment clerk even though that position required a higher specific vocational preparation than the positions of hotel cashier or order clerk.

